UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


RAYMOND FITZGERALD, #1186026

          Petitioner,

v.                                    Civil Action No. 2:17cv337


HAROLD W. CLARKE, Director
Virginia Department of Corrections,

          Respondent.



## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and referred to the undersigned pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition contains both exhausted and unexhausted habeas claims, the undersigned recommends it be dismissed without prejudice to permit Fitzgerald to present his claims as required by Virginia law.

## I. STATEMENT OF THE CASE

On July 12, 2011, in the Circuit Court for the City of Richmond, a judge convicted petitioner Raymond Fitzgerald ("Petitioner" or "Fitzgerald") of malicious wounding and use of

a firearm in the commission of a felony. The court sentenced him to a total of twenty-eight years of imprisonment with sixteen years suspended, for a total period of twelve years active incarceration. Sentencing Order, No. CR10-F-7201; CR10-F-7202; and CR10-F-7189; Resp't Ex. A (ECF No. 12-1).

Fitzgerald appealed his conviction to the Virginia Court of Appeals arguing that there was insufficient evidence to convict him. The Court of Appeals denied his appeal in a per curium opinion on July 13, 2012, and the Supreme Court of Virginia refused his appeal on March 27, 2013. Record No. 1288-11-2, Resp't Ex. B (ECF No. 12-2); Record No. 121821, Resp't Ex. C (ECF No. 12-3).

Over three years later, Fitzgerald filed a writ of habeas corpus with the Supreme Court of Virginia on June 15, 2016, alleging three sets of claims all related to an affidavit from a police informant, Marquis Lewis, allegedly delivered to Fitzgerald in February 2016. The affidavit states that Lewis – who did not testify at trial – lied to police when he implicated Fitzgerald during the investigation. Fitzgerald's first state habeas claim, enumerated as Claim A, asserted that the Lewis Affidavit established that Fitzgerald was actually innocent of the shooting. Claim B alleged that the Lewis Affidavit established the arresting officer improperly coerced Lewis into

2

implicating Fitzgerald in the shooting and thus, Fitzgerald's confession after arrest should have been suppressed. Finally, in Claims C(1) through C(4) Fitzgerald argued that the Lewis Affidavit undermined other evidence against him and thus established that the prosecutor knowingly used perjured testimony of other witnesses who did testify.

On May 2, 2017, the Supreme Court of Virginia dismissed the petition, largely on the basis that the claims alleged were untimely under Virginia Code § 8.01-654(A)(2). Fitzgerald v. Manis, No. 160950 (Va. May 2, 2017), Resp't Ex. E (ECF No. 12-5). The Court also addressed the merits of Fitzgerald's claims that the prosecutor knowingly offered perjured testimony from the investigating detective. The Court concluded that Fitzgerald had not made a credible showing that the detective testified falsely even accepting the affidavit as true, because the detective did not testify regarding the details of his conversation with Lewis, nor testify that Lewis implicated Fitzgerald in the shooting. Resp't Ex. E (ECF No. 12-5 at 2). With respect to Fitzgerald's claim of actual innocence, the Supreme Court noted that "assertions of actual innocence are governed by Code §§ 19.2-327.1 through 327.6 and Code §§ 19.2-327.10 through 327.14 and are outside the scope of habeas review . . . ." Id. at 1. As a result, the Supreme Court did not

consider the merits of any freestanding claim of actual innocence.

On June 6, 2017, Fitzgerald, proceeding pro se, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Fitzgerald's federal petition raises claims similar to those presented in his state habeas filing and on direct appeal. Claim 1 is a challenge to the sufficiency of the evidence; Claims 2-4 all relate to the Lewis Affidavit. Claim 2 mirrors State Claim A and asserts that the Lewis Affidavit demonstrates Fitzgerald is actually innocent. Claims 3 and 4 correspond to State Claims C1 and C2 and C3 respectively. Claim 3 argues that the Lewis Affidavit establishes the detective fabricated probable cause to arrest and detain Fitzgerald and thus his confession should be excluded. Claim 4 asserts the prosecutor relied on knowingly perjured testimony from two trial witnesses.

Thus, Fitzgerald again claims he is actually innocent and asserts in his federal petition that Lewis' affidavit purporting to recant prior statements to police proves his innocence. He also alleges misconduct by the investigators based on their reliance on Lewis' original, allegedly coerced testimony. The Respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support. Fitzgerald responded to the motion, which is ripe to resolve.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Unless he can demonstrate actual innocence, Fitzgerald's claims are time-barred and procedurally defaulted.**

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see also Picard v. Connor, 404 U.S. 270, 275-76 (1971).

Of the various claims in Fitzgerald's federal habeas petition, only one is clearly exhausted. Fitzgerald presented a claim that his conviction was based on insufficient evidence in his direct appeal. His appeal was denied by the Court of Appeals and refused by the Supreme Court of Virginia. As a result, Claim 1 in Fitzgerald's federal petition is exhausted.

5

But the habeas claim alleging insufficient evidence in this court is also time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244 (d)(1); see Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The AEDPA provides that any person in custody pursuant to a state court judgment has one year to file a petition for a writ of habeas corpus.

In the present case, judgment was entered against Fitzgerald in the Circuit Court for the City of Richmond, and he appealed his convictions to the Court of Appeals of Virginia, which affirmed his convictions. The Supreme Court of Virginia refused his appeal on March 27, 2013, and Fitzgerald did not file a petition for certiorari to the United States Supreme Court. Accordingly, judgment against him became final on June 25, 2014, when his time to seek review by the Supreme Court expired. Fitzgerald then had one year from that date to file his federal habeas petition. 28 U.S.C. § 2244(d)(1). His current petition, filed June 6, 2017, is almost three years late.[1]

---

[1] Fitzgerald is also not entitled to equitable tolling, which is appropriate only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Fitzgerald's Claims 3 and 4 are procedurally defaulted. These claims were presented to the Supreme Court of Virginia and dismissed as untimely pursuant to Virginia Code § 8.01-654(A)(2). Fitzgerald, No. 160950, 3 (ECF No. 12-5). When a habeas claim has been denied by the state courts on an adequate and independent ground of procedural default, federal review is precluded absent a showing of cause and prejudice. Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996). The Virginia habeas statute of limitations contained in § 8.01-654(A)(2) has repeatedly been found an adequate and independent procedural ground which precludes merits review in federal court. Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). Thus, Fitzgerald can only obtain review of these claims here if he can establish cause and prejudice, or if a miscarriage of justice would result from failure to review the claims. House v. Bell, 547 U.S. 518, 536-37 (2006). Fitzgerald has implicitly - though not directly - asserted a basis to excuse his defaults by raising a claim of actual innocence in his federal petition.

The United States Supreme Court has permitted federal review of both untimely and procedurally defaulted claims under the miscarriage of justice exception based on a credible showing of actual innocence. McQuiggan v. Perkins, 569 U.S. ___, 133 S.

Ct. 1924, 1928 (2013); <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995).

In this case it appears unlikely that the Lewis Affidavit would

be sufficient to obtain a merits review of his defaulted claims.

Given the other evidence against him, Lewis' recantations, even

if true, is likely insufficient to permit exhaustion is the

appropriate result to show that "it is more likely than not that

no reasonable juror would have convicted [the petitioner]."

<u>Schlup</u>, 513 U.S. at 329. Lewis did not testify at trial. And

the Court of Appeals, reviewing the sufficiency of the evidence

against Fitzgerald, noted that an eyewitness (the victim's

sister) was "standing right there" when she saw Fitzgerald shoot

the unarmed victim "at least eight times." Resp't Ex. B (ECF

No. 12-2 at 2). Nevertheless, the Commonwealth has not asserted

the insufficiency of Fitzgerald's actual innocence gateway

claim, instead arguing that his actual innocence theory is

unexhausted because it was not correctly presented in his state

post-conviction filings. Because relief on Fitzgerald's actual

innocence claim is still available through a petition in the

Virginia courts, the Commonwealth argues that dismissal to

permit exhaustion is the appropriate result.

B.  **Fitzgerald's claims of actual innocence are not exhausted and state remedies remain available to Fitzgerald to obtain relief.**

Although Fitzgerald has asserted a claim of actual

8

innocence in this court, he has not properly exhausted that claim by filing a petition of actual innocence in the state court. Fitzgerald must either exhaust his available state remedies, or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." Breard, 134 F.3d at 619. "The burden of proving that a claim is exhausted lies with the habeas petitioner." Id. at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, see O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).

In this case, Fitzgerald attempted to present the Lewis Affidavit and his claims of actual innocence in his state court filing, but the Supreme Court declined to address the merits of his assertion. Instead, the Court noted that claims of actual innocence were untimely and not properly presented. The Court

9

observed that in Virginia such claims "are governed by Code §§ 19.2-327 through 327.6 and 19.2-327.10 through 327.14 and are outside the scope of habeas review." Fitzgerald, No. 160950, 1 (ECF No. 12-5).

Fitzgerald is not now precluded from filing a state petition for actual innocence because unlike a habeas corpus petition, there is no time limit for asserting an actual innocence claim, and the statute provides an adequate remedy, including where appropriate, release from confinement and expungement of the conviction. Va. Code §§ 19.2-327.5 and 327.13. Because Fitzgerald has a "possible avenue of state court review" to pursue his claim of actual innocence it is unexhausted. See, O'Sullivan, 526 U.S. at 844.

When a petitioner has exhausted some claims in state court, but not others, the Court may dismiss the action without prejudice so that the petitioner can exhaust the unexhausted claims. See Turner v. Kelly, No. 3:11cv167, 2011 WL 2560224, at *2 (E.D. Va. June 28, 2011) (denying the petitioner's motion to stay because "stay and abeyance should be available only in limited circumstances . . . when the district court determines there was good cause for the petitioner's failure to exhaust" and the petitioner had time to file his federal habeas petition after the state proceedings); cf. Johnson v. Johnson, No.

2:07cv358, 2008 WL 4192715, at *3 (E.D. Va., Sept. 10, 2008) (discussing prior dismissal of habeas claim because unexhausted claim of actual innocence was before the Virginia Court of Appeals). In this case, Fitzgerald has not presented good cause for his failure to exhaust, and has filed his federal habeas petition alleging claims of actual innocence before giving the Supreme Court of Virginia the first opportunity to consider his claims. Based on Fitzgerald's failure to exhaust his claims of actual innocence, the Respondent has not addressed their merits. Further, Fitzgerald's ability to pursue any of his other claims depends on the threshold sufficiency of his evidence of actual innocence. See McQuiggan, 133 S. Ct. at 1928; Schlup, 513 U.S. at 316. Under these circumstances, the undersigned recommends that Fitzgerald's Petition (ECF No. 1) be dismissed without prejudice so he can refile once he has exhausted his actual innocence claims in state court.

## III. RECOMMENDATION

Because Fitzgerald's petition presents both exhausted and unexhausted claims, and he has a state remedy available to assert his claims of actual innocence, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and Fitzgerald's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice at this time.

## IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir.1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.1984).

The Clerk shall mail a copy of this Report and Recommendation to the Petitioner and provide an electronic copy to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 8, 2017

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to:

**Raymond Fitzgerald**
1186026
Nottoway Correctional Center
PO Box 488
Burkeville, VA 23922

And an electronic copy provided to:

**Leah Ann Darron**
Office of the Attorney General (Richmond)
202 North 9th Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By:_____
Deputy Clerk

December 8 , 2017